McRae *vs.* Adams.

---

CHRISTOPHER MCRAE, plaintiff in error, *vs.* WILEY ADAMS, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

1. This Court has no original jurisdiction.
2. It is organized to correct the errors in law and equity from the Courts, it has no power to correct the errors committed by juries. Therefore, in a case where a verdict was rendered and no motion for a new trial made, but the case is brought to this Court on the grounds alone that the verdict was against the law, the evidence and the charge of the Court, a new trial will not be granted by this Court.
3. The law presumes that every officer will perform all his official duties.
4. If a party be dissatisfied with a verdict in the Court below, he should move for a new trial, and the ruling of the Court upon that motion is subject to review by this Court.
5. This Court will confine itself to the duty of correcting the errors of the Courts below, and will not usurp the powers which, according to law, belong to those Courts.

Ejectment. Tried before Judge FLEMING. Montgomery Superior Court. March Term, 1867.

This was an action of ejectment by Wiley Adams vs. Christopher McRae, for a field in said county covered by each of the grants herein mentioned. Plaintiff claimed under a grant to Abner Davis, for five hundred acres of Headright's lands, dated January 27th, 1820, and a regular chain of title

from Davis to himself. Defendant claimed under a grant to John Hill Bryant for three hundred acres Headright land, dated ———, 1821, and a chain of title from Bryant to parties under whom he claimed to hold. There is no other description of the field in the record.

This documentary and other oral evidence was submitted to the jury, they were charged by the Court, and rendered a verdict for the plaintiff for the premises in dispute.

No motion was made for a new trial.

The only assignments of error are that the jury found contrary to evidence, contrary to law, and contrary to the charge of the Court.

ALEXANDER W. DARLEY, (represented by JULIAN HARTRIDGE,) for plaintiff in error.

WILLIAM B. GAULDING and JONATHAN RIVERS, for defendant in error.

WALKER, J.

A verdict having been rendered in the Court below, the plaintiff in error brings the case here upon the grounds alone that the verdict is contrary to evidence, to the law and to the charge of the Court.

1. This Court has no original jurisdiction, but is a Court alone for the correction of errors in law and equity from the Superior and City Courts. Cons. Ar. IV. Sec. 1.

2. Can this Court then correct an error of the jury? The Constitution says it is a Court alone for the correction of the errors of the Courts; that is, the errors of the Judges presiding in those Courts. Questions of law and equity are decided by the Judges, and it is their action which the Constitution intended should be the subjects of review by this Court; it confers no power to review the action of the jury. Fish vs. Van Winkle, 34 Ga. R., 339; Ellington vs. Coleman, 34 Ga. R., 425.

3 and 4. If a party in the Court below be dissatisfied with the finding of the jury, let him move for a new trial in that

Court, and if he be entitled to it, the law presumes it will be granted; for it is a presumption of law that every officer will perform all his official duties.    1 Kelly R., 5.    Mercy Ann Wright vs. the Ga. R. R. & Bk. Co., decided at June Term, 1866.    Upon a motion for a new trial, the Judge will see to it that a correct brief of the testimony be made out, and his charge in full, as given upon the point complained of, incorporated; the opposite party will be notified, so that a hearing of the motion upon its merits will be had, and the reviewing Court will thus be fully informed as to the true *status* of the case in the Court below, and can mete out to each suitor the full measure of his legal rights.    Of course, if the Judge in the Court below commit error in deciding a motion for a new trial, such error is one contemplated by the Constitution, and may be corrected by this Court.

The administration of justice will be more satisfactory to all, if the several tribunals keep strictly within the limits prescribed by law.    This Court having no original jurisdiction, will confine itself to the correction of errors in law and equity from the Courts below; and will carefully avoid usurping the powers which properly belong to those Courts. We do not mean to say that we will not exercise the discretion confided to us by law, but we will confine ourselves to questions properly before us for review.

Judgment affirmed.