## 49345. GARRETT v. THE STATE.

WEBB, Judge.

Defendant, a student at West Georgia College, was tried and convicted of selling marijuana and appeals to this court. *Held:*

1. Defendant contends that the trial court erred in overruling his demurrer or motion to quash the three-count indictment, which alleged that defendant sold marijuana to Jeannine Metevier, an undercover agent, on May 13, May 18, and May 22. It is urged that these three sales on different dates justified only one conviction and sentence. This contention is without merit. *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676); *Murphy v. State,* 129 Ga. App. 28, 29 (3) (198 SE2d 344); *Geter v. State,* 129 Ga. App. 108 (199 SE2d 272); *Sinkfield v. State,* 130 Ga. App. 389 (3) (203 SE2d 708). Cf. *Patterson v. Caldwell,* 229 Ga. 321 (191 SE2d 43); *Nolley v. Caldwell,* 229 Ga. 441 (192 SE2d 151); *Forbes v. State,* 129 Ga. App. 231 (199 SE2d 548).

2. Enumeration of error 2 complains that "the trial court erred in overruling appellant's motion to quash indictment based on the improper composition of the grand jury and further erred in conditioning appellant's right to inquire of certain matters within the province of the jury commissioners without first posting a bond." This enumeration is without merit.

(a) No error appears in overruling the motion to quash, since there is no factual basis in the record to support it as there was in *Gould v. State,* 131 Ga. App. 811 (207 SE2d 519), reversed in part in *State v. Gould,* 232 Ga. 844 (209 SE2d 312).

(b) The thrust of the second point of the enumeration is that when defendant filed his motion to quash which alleged that the jury list was not "representative of the community" as required by Code Ann. § 59-106, the burden was cast upon the state to require the jury commissioners to conduct a survey of the list to determine each person's race and age for purposes of adjudicating the merits of the motion to quash. It is hence urged that it was error for the court to require a $2,500 cash bond before the court would order the jury commissioners to undertake

this work.

We entertain grave doubt that this matter is properly before us for review. Defendant's counsel stated: "Your Honor, in all four cases, we are unable and unwilling to do that [post the bond]; however, I would suggest as an alternative that any mathematical device to select a reasonable random sampling of the jury roll would be in order and we would agree to stipulate to such procedure if the State would see fit to do likewise. The Court: If you can work out anything with Mr. Fleming and Mr. Lee, I will concur in it; otherwise, I will not. Mr. Horn: I will talk to Mr. Fleming. Mr. Lee: Talk to Mr. Fleming about that, if you would, Mr. Horn. The Court: He might be responsive to it; I don't know. Mr. Horn: Thank you, Your Honor."

Assuming that the question is properly raised, however, we decline to hold that the motion to quash cast the burden upon the state to prove that the jury commissioners had performed their statutory duty of selecting "a fairly representative cross-section of the intelligent and upright citizens of the county . . ." Code Ann. § 59-106. It has long been the rule that public officials are presumed to have performed their duties as prescribed by law (*Vaughn v. Biggers,* 6 Ga. 188 (7); *McRae v. Adams,* 36 Ga. 442 (3); *Allen v. Thomas,* 225 Ga. 650, 652 (171 SE2d 132)), and this rule has been specifically applied with respect to jury commissioners performing their duties under Code Ann. § 59-106. *Thacker v. State,* 226 Ga. 170, 173 (173 SE2d 186).[1]

We hold, therefore, that there is no burden upon the state to prove that the jury commissioners performed their duty as prescribed by § 59-106. Accordingly no reversible error appears in requiring a cash bond to be posted before the court would order the jury commissioners to conduct a survey of the jury list for purposes of defendant's motion to quash.

3. Defendant relied upon the defense of entrapment and contends here that this issue was raised by evidence

---

[1]Vacated as to the death penalty in *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410).

that agent Metevier, who was attempting to infiltrate the "drug scene" at West Georgia College, made repeated attempts over a two-week period to buy hard drugs from him for a "strung out" friend; that he did not want to become involved with hard drugs; that he came to regard her as a friend; and that when she asked to buy marijuana, he sold it to her. Defendant testified that there were no medical or moral, as opposed to legal, impediments to his sale of marijuana, and his testimony reveals a marked predisposition to use and sell it. In essence his testimony was that the marijuana laws are bad laws.

Under these circumstances the defense of entrapment is not raised since, under Criminal Code § 26-905, the accused must be induced to commit the act, which he otherwise would not have committed, "by undue persuasion, incitement, or deceitful means." Because the phrase "undue persuasion" is used in context with "incitement or deceitful means," it must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs. In *Brooks v. State,* 125 Ga. App. 867 (189 SE2d 448), defendant "demurred somewhat" before finally acceding to police officers' requests and urgings to help locate and obtain drugs. While three judges dissented as to Division 4 of that opinion, all judges of this court concurred in Division 2, which stated simply: "There was no entrapment. *Allen v. State,* 120 Ga. App. 533, 535 (171 SE2d 380)." Here the case is even stronger, since the defendant was already vested with ownership and possession of the drugs and the necessary incidents of power of use and disposition. The record here simply fails to raise an issuable defense as to entrapment. Criminal Code § 26-905; *Hill v. State,* 225 Ga. 117 (166 SE2d 338); *Sutton v. State,* 59 Ga. App. 198 (200 SE 225); *McKibben v. State,* 115 Ga. App. 598, 599 (1) (155 SE2d 449) and cases cited; *Allen v. State,* 120 Ga. App. 533, 535 (4) (171 SE2d 380); *Brooks v. State,* 125 Ga. App. 867 (2) (189 SE2d 448); *Brown v. State,* 132 Ga. App. 399 (1) (208 SE2d 183).

4. "The defendant who interposes an entrapment defense may not controvert the allegations of the in-

dictment . . . In asserting an entrapment defense, . . . [the] accused admits the commission of the offense while denying that he was inclined to commit the offense before the intervention of the law enforcement agent. The accused must choose, therefore, where the evidence may present a case of entrapment, whether to assert the entrapment defense, thereby admitting the other elements of the crime." *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335).

Here the defendant in his testimony admitted committing the offense, the defense of entrapment sought to be interposed utterly failed, and the evidence demanded the guilty verdict, rendering harmless the remaining enumerations of error. *Pennington v. State,* 117 Ga. App. 701, 704 (161 SE2d 327) and cases cited; *Thaxton v. State,* 89 Ga. App. 536, 538 (80 SE2d 76); *Robertson v. State,* 95 Ga. App. 445, 447 (98 SE2d 199); *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239). Of course the "harmless error" rule would not apply here had an issuable defense of entrapment been raised.

*Judgment affirmed. Pannell, P. J., concurs. Quillian, J., concurs in the judgment only.*

ARGUED MAY 10, 1974 — DECIDED OCTOBER 30, 1974 — REHEARING DENIED DECEMBER 17, 1974 —

*Al Horn,* for appellant.
*Eldridge W. Fleming, District Attorney, William F. Lee, Assistant District Attorney,* for appellee.