## 51285. HALL v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of selling heroin and the unlawful possession of phenobarbital.

The state's evidence established the offenses and the defendant admitted as a witness in his own behalf that he sold the heroin and possessed the phenobarbital tablets but defendant testified that he was entrapped by the police and their informer. The witnesses for the state testified that they frequently drove the informer to a drug addiction treatment center in Atlanta where he met the defendant, also an addict undergoing treatment. The informer was not on the police payroll but was

occasionally given money by the police and furnished transportation. The defendant, who denied ever previously having sold narcotics, testified that the informer in early April 1974, commenced to request that defendant "get him some drugs" and defendant refused; that finally, the informer threatened to expose defendant's drug addiction to his wife and father if defendant did not comply and obtain the drugs for him and that the informer who told defendant that he had friends who could help "persuade" defendant which the latter took to mean the infliction of bodily harm. As a result of these threats, defendant capitulated and procured a packet of heroin which he sold to the informer's "partners" who were police officers and on a later occasion gave a quantity of phenobarbital pills to the informer who in turn gave them to one of the police officers present. The informer was not called as a witness. *Held:*

In *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738), we held that where the evidence of the defendant raises the defense of entrapment and is uncontested or not rebutted by the state, a conviction cannot be upheld as the state has the duty to come forward with contrary proof. Our Criminal Code provides that entrapment is a defense to crime and "exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code § 26-905. The state admits that the defendant raised this defense but it contends that it complied with the rule in *Harpe* by other evidence adduced at the trial. One of the police officers did testify that he was present several days prior to the sale of heroin when he, the informer, and defendant met to "set up" the sale; that to the best of his knowledge he could "recall" no threats that were made to defendant. This testimony is of no value since it was the informer who according to defendant committed the proscribed undue persuasion out of their presence. The only other evidence that the state relies on is evidence that merely challenges the defendant's credibility. The state cannot rest on an attack

on defendant's credibility. *Harpe v. State,* supra. If the informer's testimony would disprove the defendant's testimony, the state should have produced him. As the defendant established the defense of entrapment as a matter of law and the state has failed to come forward with a contrary showing, defendant was entitled to a judgment of acquittal. Thus it was error to deny defendant's motion for directed verdict of acquittal. We reverse with direction to grant defendant's motion.

*Judgment reversed with direction. Webb and Marshall, JJ., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED NOVEMBER 18, 1975.

*John D. Marshall, Jr., Robert L. Ridley,* for appellant.

*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.