52047. TOLBERT v. THE STATE.

WEBB, Judge.

Tim Tolbert was convicted for selling marijuana to Dennis Smarr in violation of the Georgia Controlled Substances Act. Code Ann. §§ 79A-801, 79A-811(j). He was sentenced to serve a period of four years and eleven months.[1] Tolbert did not deny that he sold the marijuana to Smarr, relying instead on entrapment as his sole defense. The trial court refused to charge the law of entrapment, Criminal Code § 26-905, as requested, and

___

[1] One month short of a prison term that would have vested in the accused the right to have his sentence reviewed by a panel of three superior court judges. Code Ann. § 27-2511.1.

Tolbert enumerates that failure as error in his appeal to this court.

1. It appears that Smarr, the purchaser, out of some sort of desire to improve his image before his girl friend's mother, had volunteered to the sheriff "to help him do something about the drug problem in Monroe County." Under the aegis of the sheriff, and with his instructions, Smarr worked with GBI agents in the county for about two weeks, introducing them to people that he suspected of using or selling drugs "to make them think that they were all right people and that it was o.k. to sell drugs to them." After the state agents departed, Smarr continued to work as undercover agent for the sheriff and to try to buy contraband drugs with money supplied by the sheriff.

Smarr visited Tim Tolbert several times, and Tolbert was helping him with some leather craft work. From time to time on these visits Smarr had asked Tolbert, according to the latter's testimony, if he had any marijuana, and was told that he had not. On May 6 Smarr was at Tolbert's again and asked Tolbert if he had any marijuana. Tolbert said he did not and they talked about making a leather hat. Smarr then said he had not had any marijuana in a long time and wanted to get some. Tolbert said he did not know where he could get any. Smarr said all he wanted was a joint and Tolbert told him that all he had was his own and "he wasn't interested in getting rid of any of it, and then we went on talking again." Smarr repeatedly questioned Tolbert about where he could get marijuana or if Tolbert would sell his. Tolbert finally agreed to sell because Smarr "seemed like he was really hard up to get it" and Tolbert needed money for past due bills. He had only one small bag[2] which he had bought to take to a concert before his money ran out. He sold it to Smarr for $18, which was the amount he paid for it.

There was no evidence that the accused had been regularly engaged in the illegal sale of marijuana or that he had made any sale other than the one sale of less than

---

[2]Less than one ounce, according to testimony of the chemist from the state crime laboratory.

an ounce, this to the sheriff's undercover agent.[3] Tolbert specifically denied that he had any marijuana for sale.

It is our judgment that here there was evidence sufficient to raise an issuable defense,[4] and that the able trial court was in error in his refusal to allow the jury to pass on this question. It has long been the law of this state that "Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, withdraws that defense from the jury, and to that extent prejudices the defendant's right to a fair and impartial trial (*Thompson v. State,* 16 Ga. App. 832 (4), 84 S. E. 591), and it is error for the trial court to omit calling the attention of the jury to that defense whether or not he is requested to do so. *Read v. State,* 15 Ga. App. 435 (83 S.E. 674)." *Henderson v. State,* 95 Ga. App. 830, 831 (99 SE2d 270); *McRoy v. State,* 131 Ga. App. 307, 308 (3) (205 SE2d 445). "Because the concept of entrapment involves the predisposition of the accused, the question, like all fact questions, is generally one for the jury to decide." United States v. Kirk, 44 USLW 2464 (CA5, decided March 19, 1976).

2. The remaining enumerations are without merit or are unlikely to recur upon retrial.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED APRIL 13, 1976 — DECIDED APRIL 29, 1976 — REHEARING DENIED MAY 21, 1976.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*E. Byron Smith, District Attorney, Hal Craig,*

---

[3]Cf., *Garrett v. State,* 133 Ga. App. 564, 566 (211 SE2d 584), where the defendant's testimony revealed "a marked predisposition to use and sell it."

[4]Cf., *Thomas v. State,* 134 Ga. App. 18, 21 (2) (213 SE2d 129).

*Assistant District Attorney,* for appellee.