## 53212. COLEMAN v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted of selling marijuana in violation of the Georgia Controlled Substances Act.

On the evening of July 6, 1976, Jenkins, a special agent of the Georgia Bureau of Investigation assigned to do undercover drug work, went to a residence in Americus, Georgia. Accompanying her were Barfield, an informant, and two other white males. While at the residence Jenkins purchased 24.4 grams of marijuana from defendant.

During the trial defendant asserted a defense of entrapment, claiming that Barfield had solicited his assistance in making possible the arrest of another

person. Defendant further testified that Barfield had supplied him with the marijuana and had instructed him to give it to a person he would bring to defendant's house. Defendant stated that he would not have given the marijuana to Jenkins except for his desire to assist Barfield. Barfield did not testify.

1. The general rule is that direct, positive and uncontradicted testimony (as distinguished from circumstantial, opinionative or testimony negative in character) of an unimpeached witness cannot be arbitrarily disregarded. *Huff v. State,* 104 Ga. 521, 523 (30 SE 808); *Lankford v. Holton,* 187 Ga. 94 (9), 102 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700); *Goldstein v. Drexler,* 102 Ga. App. 90, 94 (115 SE2d 744). But, it is a question for the jury as to whether or not such witness has been impeached by other testimony submitted to impeach this witness. See *Huff v. State,* 104 Ga. 521, 523 (2), supra.

2. However, in recent decisions in criminal cases in which the defendant raises an affirmative defense and testifies in support of same, it has been held that the burden is on the state to disprove the affirmative defense beyond a reasonable doubt. See *Moore v. State,* 137 Ga. App. 735, 736 (224 SE2d 856). The state may not merely rest its case upon impeaching testimony as to the witness offering the affirmative defense, but must go further and contradict this witness' testimony as to the affirmative defense. See *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738); *Hall v. State,* 136 Ga. App. 622, 623 (222 SE2d 140).

Here, the state failed to come forward with any evidence in rebuttal of defendant's testimony. If Barfield's testimony would disprove the defendant's testimony, the state should have produced him. The defendant having established the defense of entrapment as a matter of law and the state having failed to come forward with a contrary showing, the denial of defendant's motion for directed verdict was error. *Harpe v. State,* 134 Ga. App. 493, supra; *Hall v. State,* 136 Ga. App. 622, 623, supra.

3. The above ruling which reverses the judgment renders it unnecessary to consider the other enumerations of error.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 18, 1977 — DECIDED FEBRUARY 4, 1977.

*Grogan, Jones, Layfield & Swearingen, Ben B. Philips, John C. Swearingen, Jr.,* for appellant.
*Claude Morris, District Attorney, R. Carey LeSueur, Assistant District Attorney,* for appellee.