## 55076. ROBINSON v. THE STATE.

SHULMAN, Judge.

Appellant was convicted by a jury of unlawfully selling heroin in violation of the Georgia Controlled Substances Act. This appeal follows.

1. At the close of all the evidence, appellant moved for a directed verdict of acquittal on the basis that the state failed to carry its burden to rebut his prima facie showing of entrapment. We agree and, accordingly, reverse the judgment.

Appellant testifies that he was induced to arrange the sale of the contraband involved herein by persistent solicitations and undue persuasion of a police informant. According to his testimony, these solicitations were flatly refused at first, but, after repeated requests on several different occasions on different days, appellant was eventually persuaded to act as a conduit for "friends" of the informant (police officers), i.e., to arrange for a purchase of heroin by acting as an intermediary between the police officers and a supplier. Appellant denied having used heroin prior to his arrest or having been a dealer. There was no evidence that the accused had been regularly engaged in the illegal sale of heroin.

The state made no attempt to rebut appellant's testimony. Although the two arresting officers (i.e., the informant's "friends") testified at trial, neither officer was familiar with the methods employed by the informant. The informant did not testify.

Defendant's testimony was sufficient to establish a prima facie case of entrapment. See *Tolbert v. State,* 138 Ga. App. 724 (227 SE2d 416). The record is absolutely devoid of evidence that, prior to his arrest, appellant had a marked disposition to use and sell heroin, that appellant knowingly owned and possessed heroin prior to his admitted act of obtaining the drug in the instant case, or that the circumstances surrounding the solicitations by the police informant occurred in a way other than that testified to by appellant. See, e.g., *Garrett v. State,* 133 Ga. App. 564, 566 (211 SE2d 584). (No entrapment raised where defendant's testimony revealed "a marked disposition to use and sell" contraband.) *Brooks v. State,*

125 Ga. App. 867 (189 SE2d 448). (No entrapment raised where accused, after demurring "somewhat," arranged for and participated in the purchase of contraband; no evidence of repeated solicitations and refusals on various occasions.) *Tischmak v. State,* 133 Ga. App. 534, 539 (211 SE2d 587) (Webb, J., concurring). (No entrapment raised in spite of repeated solicitations where accused "knowingly owned and possessed" contraband; *Tolbert,* supra, where defendant knowingly owned and possessed the contraband is apparently in disagreement.)

The testimony of the arresting officers was not sufficient to rebut defendant's prima facie defense of entrapment. See, e.g., *McHugh v. State,* 134 Ga. App. 758 (216 SE2d 351). (Testimony of arresting officer sufficient by itself to sustain conviction in spite of entrapment raised by defendant; accused's offer to officer to "come back if [he] wanted any more" contraband and subsequent sale by accused rebutted defense.) Because the alleged undue influence occurred out of the presence of the state's witnesses and because the informant did not testify, there was no rebuttal of the defendant's prima facie case of entrapment. *Henderson v. State,* 141 Ga. App. 424 (1) (233 SE2d 500). See also *Coleman v. State,* 141 Ga. App. 193 (2) (233 SE2d 42) (burden on state to procure witnesses to rebut defense of entrapment).

"The defendant having established the defense of entrapment as a matter of law and the state having failed to come forward with a contrary showing, the denial of defendant's motion for directed verdict was error. *Harpe v. State,* 134 Ga. App. 493 [214 SE2d 738]; *Hall v. State,* 136 Ga. App. 622, 623 [222 SE2d 140]." *Coleman v. State,* 141 Ga. App. 193 (2), 194, supra. See also *Harris v. State,* 139 Ga. App. 675 (229 SE2d 148). We reverse with direction to the trial court to enter a judgment of acquittal.

2. Because of our holding above, remaining enumerations need not be considered.

*Judgment reversed with direction. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 3, 1978.—
REHEARING DENIED FEBRUARY 24, 1978 — CERT. APPLIED FOR.

*Powell & Snelling, Richard L. Powell,* for appellant.

*Richard E. Allen, District Attorney, Gayle B. Hamrick, Assistant District Attorney,* for appellee.