## 55148. GLOVER v. THE STATE.

SHULMAN, Judge.

Appellant brings this appeal from his conviction for burglary. He enumerates as error the refusal of the trial court to give the jury an instruction on the defense of entrapment and the court's charge on the law of direct

evidence.

1. Under the facts here, there was no requirement for an instruction on entrapment. The evidence showed that law enforcement agents merely provided an opportunity for burglars to sell their ill-gotten goods. There was no evidence that the agents ". . . by undue persuasion, incitement, or deceitful means, induced the accused to commit. . ." the burglary with which he was charged. The first enumeration is without merit. Code Ann. § 26-905; *Garrett v. State,* 133 Ga. App. 564 (3) (211 SE 2d 584).

2. In the charge to the jury, the trial judge defined direct evidence and circumstantial evidence. Appellant argues that giving the definition of direct evidence authorized the jury to infer that there was direct evidence in the case when, in fact, there was circumstantial evidence only.

In a case involving the same charge (with insignificant variations in wording), the Supreme Court found no error: "The error complained of is that all the evidence was circumstantial, and that for the court to charge on direct evidence was misleading and confusing to the jury, and was calculated to impress on the jury's mind that there was direct evidence against the movant. We can not agree with this contention. While the evidence connecting the movant with the commission of the crime was wholly circumstantial, still there were facts established by direct evidence, such as that the [burglary occurred], and that the accused was identified as being the person on trial. [Cits.]" *Pitts v. State,* 197 Ga. 317, 324 (28 SE2d 864). There was no error in the charge.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Submitted January 18, 1978 — Decided February 22, 1978.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.