## 60290. ROYAL v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for the sale of marijuana. *Held:*

1. Defendant contends that the trial court erred in failing to direct a verdict of acquittal because his prima facie case of entrapment was not controverted. We agree and reverse.

There was no evidence that defendant was a seller of marijuana or other controlled substances or had a predisposition to do so. Defendant testified that he did not want to purchase for the police agents the marijuana he was convicted of selling, but was induced to do so by the persistent solicitations of a confidential police informant after undue persuasion. The informant also selected the source where the marijuana could be purchased. His testimony established a prima facie defense of entrapment. *Robinson v. State,* 145 Ga. App. 17 (243 SE2d 257). The undercover police agent who supplied the money to defendant to purchase the marijuana testified that the informant

brought defendant to him, that they all drove to the supplier's house, and that the defendant went into the house and purchased for the agent the marijuana for which he was prosecuted without being threatened or forced to do so.

The informant did not testify and the agent's testimony did not include the informant's conversations with defendant. Nor could it have as the agent was not present when the conversations took place. The defendant's testimony which raised the defense of entrapment thus stands unrebutted.

"The testimony of the arresting officers was not sufficient to rebut defendant's prima facie defense of entrapment. [Cit.] . . . Because the alleged undue influence occurred out of the presence of the state's witnesses and because the informant did not testify, there was no rebuttal of the defendant's prima facie case of entrapment. [Cits.] . . .

" 'The defendant having established the defense of entrapment as a matter of law and the state having failed to come forward with a contrary showing, the denial of defendant's motion for directed verdict was error. [Cits.]' " *Robinson v. State,* 145 Ga. App. 17, 18, supra.

" 'If the informer's testimony would disprove the defendant's testimony, the state should have produced him. In the absence of some evidence by the state directly contradicting the testimony of (appellant) that he was induced by the informer . . . to make the sales on behalf of the state, the defendant . . . (is) entitled to a judgment of acquittal. *Coleman v. State,* 141 Ga. App. 193, 194 (2) (233 SE2d 42).' *Perry v. State,* 143 Ga. App. 227, 228 (237 SE2d 705); *Marshall v. State,* [143 Ga. App. 249, 252 (237 SE2d 709)]; *Harris v. State,* 139 Ga. App. 675, 677 (229 SE2d 148); *Hall [v. State,* 136 Ga. App. 622, 623 (222 SE2d 140)]." *Hughes v. State,* 152 Ga. App. 80, 83 (262 SE2d 245).

2. In view of the foregoing finding the remaining enumerations need not be considered.

*Judgment reversed with direction to enter a judgment of acquittal. Shulman and Carley, JJ., concur.*

ARGUED JULY 10, 1980 — DECIDED SEPTEMBER 10, 1980 —

*Harry Jay Altman, II,* for appellant.
*H. Lamar Cole, District Attorney, Dwight May, Assistant District Attorney,* for appellee.