### 75157. McQUEEN v. THE STATE.
(364 SE2d 617)

POPE, Judge.

On January 24, 1986 defendant McQueen met an undercover agent at a residence in West Point, Georgia. The agent asked defendant if he had anything to sell and defendant sold him $25 worth of cocaine. Defendant admits the cocaine was his and that he made the sale. However, defendant raised the defense of entrapment, claiming he had no predisposition to sell the cocaine, that he intended to use it for himself and that he sold it to the agent only after repeated requests by the agent. The agent testified he made only one request to purchase and that defendant readily complied. Defendant was convicted of violation of the Georgia Controlled Substances Act, OCGA § 16-13-30, and was sentenced to imprisonment for ten years. Defendant appeals on the ground there was insufficient evidence presented at trial to support the conviction.

It is undisputed that the cocaine sold by defendant in this case was his own, that he was not furnished the drugs to sell by any agent of the state and was not instructed by any agent to make the sale. The only evidence presented in support of the defense of entrapment is defendant's testimony that he initially resisted the agent's request and made the sale only after the repeated and persistent requests of the agent. "Because the phrase 'undue persuasion' [as used in Georgia's entrapment statute, OCGA § 16-3-25] is used in context with

'incitement or deceitful means,' it must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs." *Garrett v. State,* 133 Ga. App. 564, 566 (211 SE2d 584) (1974). Accord *Johnson v. State,* 147 Ga. App. 92 (248 SE2d 168) (1978). Therefore, defendant's testimony does not establish the defense of entrapment. Even if the defense were established, the testimony of the undercover agent that he exerted no pressure on defendant to make the sale is sufficient to rebut the defense of entrapment and to create an issue of fact to be submitted to the jury. See *McDonald v. State,* 156 Ga. App. 143 (4) (273 SE2d 881) (1980).

Despite defendant's statement to the contrary, the transcript shows the jury was duly instructed that once the defense of entrapment is raised, the burden is upon the state to prove lack of entrapment beyond a reasonable doubt. The jury instructions also included the following statement: "If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If the conduct of the officer is such as not to induce an innocent person to commit a crime, but to secure evidence upon which a guilty person can be brought to justice, then there is no entrapment." We do not find this statement violates the prohibition against introducing the "good faith" of the officer as an issue where the defense of entrapment is raised. See *Keaton v. State,* 253 Ga. 70 (316 SE2d 452) (1984).

The evidence in this case is clearly sufficient so that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of defendant beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 5, 1988.

*E. Earl Seals,* for appellant.

*William G. Hamrick, Jr.,* District Attorney, *Peter J. Skandalakis, Assistant District Attorney,* for appellee.