A91A1800. VENABLE v. THE STATE.
(417 SE2d 347)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of distribution of marijuana. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant gave a custodial statement which was reduced to writing and then signed by him. Appellant sought to exclude this statement from evidence on the ground that it had been given only after he had asserted a right to counsel and was inadmissible pursuant to *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). A *Jackson-Denno* hearing was held, wherein the officer who had taken the statement testified that appellant had not asserted his right to counsel. The trial court found appellant's statement to be admissible and appellant's enumeration of this evidentiary ruling as error has no merit. *Frazier v. State*, 257 Ga. 690, 696 (14) (362 SE2d 351) (1987). See also *Davis v. State*, 255 Ga. 598, 606 (11) (340 SE2d 869) (1986).

2. Appellant urges that he was denied the right to a thorough and

sifting cross-examination as to the identity and background of an informant.

The record demonstrates that appellant knew who the informant was. Thus, from a discovery perspective, there was no reason whatsoever for appellant to conduct cross-examination as to the informant's identity. From an evidentiary perspective, disclosure to the jury of the mere identity of the informant would have no bearing on appellant's guilt or innocence and he suffered no harm from the trial court's refusal to allow him to elicit the name of the informant on cross-examination of the State's witnesses.

Insofar as the background of the informant is concerned, appellant cites only one instance wherein he attempted to pursue that issue on cross-examination. The record shows that, in the context of that cross-examination, appellant *was* allowed to ask the State's witness if she knew "why the informant agreed to work with the Georgia Bureau of Investigation. . . ." The State's witness responded that she did not. Accordingly, even assuming that the informant's background was a relevant topic of inquiry, appellant was not harmed by the trial court's ruling that he could not pursue that topic with a State's witness who had no knowledge thereof.

3. Appellant moved for a directed verdict of acquittal based upon his defense of entrapment. The denial of this motion is enumerated as error.

"Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. There is some question whether appellant's evidence, standing alone, was sufficient to raise the issue of whether he was entrapped. In any event, when *all* of the evidence is considered, a finding that appellant was entrapped was certainly not demanded. Compare *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991). The jury was authorized to find that, from his initial contact with the female undercover agent, appellant was predisposed to distribute marijuana and that, without any undue persuasion, incitement, or deceitful means on her part, he eventually did distribute marijuana to her. It is immaterial that the State may not have rebutted appellant's testimony that the source of the marijuana was an informant who had told him that, if he wished to "get in good" with the female undercover agent, he would give her the marijuana. "The fact that a government informer furnished the contraband to a defendant does not constitute entrapment. [Cit.]" *Smith v. State*, 239 Ga. 477, 480 (1) (238 SE2d 116) (1977). Likewise, the fact that appellant may have wished to "get in good" with the female undercover agent and that,

without any undue encouragement on her part, he believed the informant's statement that he could accomplish that by providing her with marijuana, would not demand a finding of entrapment. " '[T]here is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' [Cits.]" *Howell v. State*, 157 Ga. App. 451, 453 (3) (278 SE2d 43) (1981).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 3, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992 —

*Boling, Rice & Bettis, Jeffrey S. Bagley*, for appellant.
*Garry T. Moss, District Attorney, C. David Turk III, Assistant District Attorney*, for appellee.