A93A2581. HALL v. THE STATE.
(439 SE2d 67)

McMURRAY, Presiding Judge.

Defendant Hall appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held*:

The sole enumeration of error complains that the State's evidence failed to rebut the entrapment defense presented by defendant and that the trial court erred in denying defendant's motion for directed verdict of acquittal. The State's sole witness, an undercover officer, testified as to traveling to defendant's home with a second officer and a confidential informant. The officers waited in the vehicle while the confidential informant entered the house and remained for approximately 15 minutes. The confidential informant then returned to the vehicle and escorted the officers into the house at which time the buy was made. Defendant testified that the confidential informant was well known to him and related that, while the officers waited in the vehicle outside, he had provided defendant with cocaine and persuaded him to sell it to the officers.

The entrapment defense consists of three elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. *Hill v. State*, 261 Ga. 377 (405 SE2d 258); *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350). "After a defendant presents

a prima facie case of entrapment, the burden is on the state to disprove entrapment beyond a reasonable doubt. That determination generally rests with the jury; however, where there is no conflict in the evidence, and all the evidence prior to the entrapment that is introduced, with all reasonable deductions and inferences, demands a verdict of acquittal, the trial judge must direct a verdict of acquittal. *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981) (reversing *Royal v. State*, 155 Ga. App. 691 (272 SE2d 556) (1980)). The government's burden is far greater than merely impeaching the accused, it 'must go further and contradict this witness' testimony as to the affirmative defense. (Cits.)' *Coleman v. State*, 141 Ga. App. 193, 194 (233 SE2d 42) (1977)." *Hill v. State*, 261 Ga. 377, supra.

" 'A distinction must be made between evidence which 'raises a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in [OCGA § 17-9-1], would demand a finding of entrapment and, therefore, a directed verdict of acquittal. Lack of conflict in the evidence is only one of the criteria in [OCGA § 17-9-1]. Thus, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred.' *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981)." (Emphasis omitted.) *Caithaml v. State*, 163 Ga. App. 429 (1) (294 SE2d 674). The jury in the case sub judice was instructed on the issue of entrapment.

We hold that the entrapment issue was properly submitted to the jury since defendant's testimony contains evidence authorizing a conclusion that he was predisposed to commit the crime. In *Gray v. State*, 191 Ga. App. 135, 136 (381 SE2d 312), we found that the defendant's testimony that although he had not sold drugs before he had done it for the money on that occasion showed that he was predisposed to sell drugs for money. In the case sub judice, defendant testified that one of the reasons he cooperated with the confidential informant was that he was to keep some of the cocaine for his own use. Thus, the defendant in the case sub judice disclosed his predisposition to sell drugs for drugs.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 9, 1993 —

*Hine, Niedrach & McClellan, John F. McClellan, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.