## A96A1513. FARROW v. THE STATE.
(475 SE2d 706)

BLACKBURN, Judge.

Lavarne Farrow appeals his conviction by a jury of selling cocaine in violation of the Georgia Controlled Substances Act.

1. On appeal, Farrow contends the trial court failed to grant his motion for new trial on the issue of entrapment. Farrow did not make any motion for directed verdict, and by his motion for new trial he did not raise any error at trial regarding his entrapment defense.[1] Therefore, assuming, without deciding, that this enumeration raises a sufficiency of the evidence argument we find that sufficient evidence was presented to allow a jury to find Farrow guilty beyond a reasonable doubt of selling cocaine. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence viewed in the light most favorable to support the verdict reveals that agents of the Oconee-Dublin Drug Task Force

---

[1] The trial court charged on entrapment despite Farrow's failure to submit the charge in writing.

used an informant to conduct an investigation into street-level drug sales in a certain area of Cochran, Georgia. The informant agreed to participate in the investigation in return for the agent's promise that she would not be charged with purchasing cocaine in an earlier transaction of which the agent was aware. On the day of the investigation, the informant was searched, equipped with a body bug, and her car was equipped with a hidden surveillance camera. The informant was told to drive to a certain area and see if anyone would sell drugs to her.

The informant testified that Farrow approached her car and asked if she needed anything. She told him she was looking for some crack and he said he would get it for her. He then told her to meet him at the Piggly Wiggly. Upon meeting her there, Farrow directed her to meet him behind the Family Dollar Store, where he sold her crack cocaine. The transaction was captured on video and audio tape, although the audio tape is of such poor quality it is of little value.

To support his defense of entrapment, Farrow testified that the informant begged him to find her some crack, and that he was led to believe he would receive sex, in addition to money, in return for providing the crack. He testified that he told the informant that he did not "mess" with drugs because he had previously been in trouble. Farrow asked the informant what he would get out of the deal if he sold her some crack. She responded that she would "make it worth his while" and then agreed to meet him later that night.

"Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. "After a defendant presents a prima facie case of entrapment, the burden is on the state to disprove entrapment beyond a reasonable doubt. That determination generally rests with the jury. . . . The government's burden is far greater than merely impeaching the accused, it must go further and contradict this witness' testimony as to the affirmative defense." (Citations and punctuation omitted.) *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991).

In the present case, Farrow's testimony was directly contradicted by the informant's testimony, as distinguished from the facts in *Hill*, supra, where the informant's testimony confirmed the defendant's testimony. Id. at 378. Furthermore, we have previously held that a desire to "get in good" with the drug purchaser is not, without more, enough to demand a finding of entrapment. See *Venable v. State*, 203 Ga. App. 517 (3) (417 SE2d 347) (1992).

In the present case, the issue of entrapment was properly placed

before the jury.

2. In Farrow's second enumeration of error, he contends that the trial court erred in allowing the replay of the video and audio tapes to the jury upon their request.

"The rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation. The jury is entitled to designate the testimony which it desires to rehear, in the absence of special circumstances which might work an injustice. While some later cases approve of cautionary instructions they do not demand that they be given so as to require reversal in the event such instructions are not given." (Citations and punctuation omitted.) *Pontoon v. State*, 177 Ga. App. 868, 869 (341 SE2d 505) (1986).

In the present case, we note that, although Farrow objected to the replay of the audio and video tape, he did not request cautionary instructions. No injustice was done to Farrow by the replay of the audio and video tape, especially considering the contradictory testimony of the informant and Farrow as to what took place and the poor quality of the audio tape. Therefore, the trial court did not abuse its discretion in allowing the replay of the requested evidence.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 9, 1996.

*Straughan & Straughan, William T. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney*, for appellee.