### A00A2192. DAVIS v. THE STATE.
(542 SE2d 626)

MIKELL, Judge.

Brad Jermain Davis was convicted of two counts of selling cocaine in violation of the Georgia Controlled Substances Act. The court denied his motion for new trial, and Davis appeals. Finding no error, we affirm.

---

1. In his first enumeration of error, Davis argues that the court erred in allowing a juror to request that a videotape in evidence be replayed. Davis contends that the court permitted a juror to "ask questions and carry on a conversation" with the court and the prosecuting attorney. Davis has not provided citations to the record to support this claim of error; however, the record shows that the juror made two requests during the trial.

First, during the testimony of Special Agent Barry Thompson of the Tri-Circuit Drug Task Force, the juror asked that a portion of a videotape be rewound and paused. The record reflects that the videotape showed Agent Thompson purchasing crack cocaine from Davis on two occasions. The record also shows that after viewing the tape, the juror asked, "[w]ould you back that up and make it pause right there? . . . Where he's not moving so much . . . to make him stop where he can look straight into his face."

While Davis is correct that a juror may not question a witness, in the case sub judice, we conclude that the juror's request that the videotape be rewound and paused was not a question to Agent Thompson. Compare *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981). Furthermore, defense counsel failed to object to Green's request and, therefore, waived this issue.

The record shows that the juror addressed the court for a second time after the jury charge, when he asked if the jury could view the videotape again. Because the tape had been admitted into evidence, the court allowed a portion of it to be replayed.

We conclude that the court did not abuse its discretion in allowing the jury to review the videotape. "The replay of a portion of the videotape is not a recall of a witness, but rather the verbatim repetition of testimony already in evidence." *Hodges v. State*, 194 Ga. App. 837, 838 (3) (392 SE2d 262) (1990). "It is well settled that a trial court has discretion to permit a jury to rehear parts of the evidence presented even after deliberations have begun." *Sledge v. State*, 223 Ga. App. 488, 490 (4) (477 SE2d 898) (1996). See also *Farrow v. State*, 222 Ga. App. 689, 691 (2) (475 SE2d 706) (1996).

2. Next, Davis argues that the court erred in permitting prosecutorial misconduct by allowing the state to "continuously 'curry favor' with the jury." As evidence of misconduct by the state, Davis cites the assistant district attorney's statement that she had no objection to the replay of the video and her question as to whether the jurors could move closer to the monitor.

We disagree with Davis' characterization of this behavior as "prosecutorial misconduct." The record shows that at least one juror had difficulty viewing the tape, and that the prosecutor properly addressed her statement and question to the court. Therefore, we conclude that Davis' argument is without merit.

3. Finally, Davis argues that his case should be remanded for resentencing because he did not receive adequate notice that the state intended to use a prior conviction to seek recidivist punishment at his presentencing hearing.

OCGA § 17-10-2 (a) provides that in determining punishment, the trial court shall hear in aggravation only the evidence that "the state has made known to the defendant prior to the defendant's trial."

The record shows that the state served defense counsel with a "Notice of Evidence in Aggravation" prior to the time that the jury was sworn. Later, pursuant to that notice, the court admitted evidence of a Florida conviction. We conclude that the court did not err. "This Court has previously held that notice received prior to the jury's being sworn is sufficient to satisfy the requirement of the statute." *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (a) (510 SE2d 87) (1998). Furthermore, we have held that counsel's failure to move for a continuance precludes a defendant from arguing that his counsel did not have an ample opportunity to investigate the admissibility of the prior conviction. Id., citing *Day v. State*, 188 Ga. App. 648, 650-651 (8) (374 SE2d 87) (1988).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2000 —

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.