70389. CURRY v. THE STATE.
(334 SE2d 356)

SOGNIER, Judge.

Curry was convicted of armed robbery of the Candler Coin Laundry on September 9, 1983 and appeals.

1. Appellant contends it was error to permit his non-inculpatory testimony from a previous trial to be introduced into evidence at this trial.

Appellant's trial in the instant case was held from March 27 through March 29, 1984. The first witness for the State was James Lord, a court reporter, who testified concerning appellant's testimony at his earlier mistrial on the same charge. Lord testified that appellant earlier said that he had been at the Candler Coin Laundry three or four times prior to September 1983, and that appellant denied being at the laundry in September 1983. Lord also testified that during appellant's testimony at the former trial he stated that he was doing construction work in September 1983 and would have been working on September 9, 1983 unless it was raining. Appellant testified to substantially the same facts at the instant trial.

In *Fann v. State*, 254 Ga. 514 (331 SE2d 547) (1985), the prosecutor was allowed to read, over objection, the defendant's testimony from a bond-hearing transcript during closing argument, after objection to its use during the trial had been sustained. The Supreme Court held that any error in the admission of the testimony was harmless, as the testimony was paralleled by the testimony of a witness and on cross-examination of the defendant during trial. Since appellant's testimony in the instant case paralleled his testimony at the earlier mistrial, we find any error in admission of the former testimony harmless. Id.

2. Appellant contends it was error to allow the state to question appellant's grandparents as to why they had not told anyone before testifying in this trial that appellant was at their home on the date of the robbery. This contention was decided adversely to appellant in *Salisbury v. State*, 222 Ga. 549-550 (1) (150 SE2d 819) (1966). See also *Kirby v. Spivey*, 167 Ga. App. 751, 754 (2) (307 SE2d 538) (1983).

3. Appellant contends it was error to give the so-called "dynamite" charge (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)), over objection, when the jury did not indicate it was deadlocked. This contention is without merit.

The record discloses that the jury sent a note to the trial judge stating they were at a standstill after discussing the case for about six

hours, and had made no headway toward a unanimous decision. The court was also informed of the split in the jury's vote and the jury stated it was uncertain of the procedure to follow. The trial court then gave the *Allen* charge. Appellant argues that the jury was unduly and unlawfully pressured into reaching a verdict they might not have reached otherwise. We do not agree.

The charge given by the court was in language approved by our Supreme Court in *Ponder v. State*, 229 Ga. 720-721 (2) (194 SE2d 78) (1972). The decision of whether to give a jury in disagreement the *Allen* charge is generally left to the discretion of the trial judge, *Thornton v. State*, 145 Ga. App. 793, 794 (245 SE2d 22) (1978), and since the jury here specifically requested guidance as to what procedure to follow, the trial court did not abuse its discretion. Under the circumstances of this case the charge was not given prematurely as the jury was at a standstill (which we interpret to mean the same as being deadlocked), nor was it coercive in any way or otherwise improper. *Barnes v. State*, 245 Ga. 609, 611 (5) (266 SE2d 212) (1980). Thus, there was no error, nor was it error to deny appellant's motion for a mistrial on this ground.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Michael D. Thorpe, J. Thomas Morgan III, Assistant District Attorneys*, for appellee.