### 42855. BLACK v. THE STATE.
(341 SE2d 436)

CLARKE, Justice.

Gerald Michael Black was convicted by a jury of murder in the shooting death of his girl friend and sentenced to life in prison. He raises issues concerning the sufficiency of the evidence, propriety of the *"Allen"* charge and the exclusion of evidence of the victim's abuse of drugs. We affirm.[1]

---

[1] The homicide occurred on January 30, 1984. The first trial resulted in a deadlocked jury and a mistrial was entered January 26, 1985. The guilty verdict was rendered on March

The victim was shot and killed in her apartment where the appellant had also been living for several months; she and the appellant were home alone at the time. The issue for the jury at trial was whether Black intentionally shot his girl friend, as contended by the state, or whether the death was an accident, the basis of his defense.

A neighbor testified that she heard the appellant and the victim arguing violently around 6:00 p.m., followed by twenty minutes of silence and then a gunshot. Shawn Gann testified that the appellant came to his home around 7:00 p.m., saying he had shot and killed his girl friend and needed help disposing of the body. Gann contacted the police and then went with the appellant back to the victim's apartment; the appellant did not know the police had been called and asked Gann about lakes in the area where they could dump the body. In the car he told Gann the gun discharged while he and the victim were struggling to control it.

When they reached the apartment building the appellant went up the stairs and Gann took the elevator. Police officers were already at the scene but did not find the body which was lying on the bed and covered up with clothes. The appellant told the officers that the occupant of the apartment was out of town. As other officers arrived and began another search of the apartment the appellant revealed that the body was hidden on the bed. The victim was partially clothed and had sustained a gunshot wound to the right side of her head.

In his statement to police the appellant stated he had a .38 revolver in the apartment as protection against drug dealers and that his girl friend did not want the gun in her home. He contended they argued about the gun and that she was on the bed threatening to throw the pistol out of the window. As he grabbed the gun from her hands, it accidentally discharged and she fell back on the bed.

The appellant stated he wiped the gun, removed the bullets, and left the apartment throwing the gun in a sewer and the bullets in some bushes. He returned to the apartment to change his shirt before going to Gann's. His testimony at trial was substantially the same. He testified that she grabbed the barrel and it fired as he pulled it away.

The state presented testimony of two assistant medical examiners. Dr. Zaki examined the victim at the scene. He testified she was lying on her side on the bed with an entry wound behind the right eye and an exit wound near the left ear with blood surrounding the area. He and Dr. Hanzlick, also a medical examiner, were both of the opinion that the victim was lying on the bed in the position she was found in when she was shot. These expert opinions were based upon the

9, 1985, and he was sentenced on March 14, 1985. The notice of appeal was filed on April 11, 1985; the transcript was filed on September 4, 1985 and the record was docketed in this court on October 29, 1985. Oral arguments were made on January 21, 1986.

position of the body, blood patterns, location of brain matter, lack of medical evidence of a struggle and the presence of the bullet which was found entwined in her hair near the exit wound.

Kelly Fite, firearms examiner from the State Crime Lab, testified that in his opinion the muzzle of the gun was approximately five inches from the point of entry when fired. He also testified that the trigger had to be pulled in order for the gun to fire.

The defense presented the expert testimony of Dr. Anderson, medical examiner of Hall County. In his opinion the evidence was consistent with the appellant's contention that the gun discharged during a struggle and the victim then fell back on the bed. He testified that it was unlikely the victim would have already been lying in the position when found because of an awkward hand placement.

1. The appellant argues that the evidence is insufficient as a matter of law in that the state has shown no motive and the circumstantial evidence does not exclude every other hypothesis except guilt. See OCGA § 24-4-6. We do not agree with the contention that the verdict is only supported here by suspicion. When the evidence here is construed in the light of upholding the verdict, a rational trier of fact could have found the crime of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Under all the facts the jury was authorized to reject the theory of accident. There was evidence of an earlier argument and evidence that Black pulled the trigger. Further, expert testimony supports the state's theory that Black shot the victim while she was lying in bed. In addition, the jury heard evidence of the appellant's disposing of the weapon, concealing the body, and desire to dispose of the body. "The state is required to prove malice, not motive." *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). The evidence presented is legally sufficient.

2. In his second enumeration of error the appellant raises challenges to the *Allen* charge which the trial judge gave after the jury announced it was deadlocked; an inquiry by the court revealed the division was 9 and 3 with no indication of which direction the numbers stood. The appellant argues against the use of the *Allen* or dynamite charge in any case, pointing to the trend in the nation away from its use. See Annot., 97 ALR3d 96 (1980). We are also urged to adopt the charge procedure of the American Bar Association Standards Relating to Trial by Jury, § 5.4. This standard requires that any supplemental instruction be given before deliberations begin and permits a repeat of the supplemental instructions if a deadlock occurs. He also contends it was error to give the charge after determination of the numerical division.

As recently as *Daniels v. State*, 252 Ga. 30 (310 SE2d 904) (1984), we reaffirmed the appropriateness of the *"Allen"* charge when

a jury is unable to reach a decision. In considering the grant of a new trial the issue is whether there was undue pressure brought to bear upon the jurors. "The issue in reviewing such charge is whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *McMillan v. State*, 253 Ga. 520, 523 (322 SE2d 278) (1984). The charge given below instructed the jurors that their verdict "must be the verdict of each juror and not a mere acquiescence of the jurors in order to reach agreement."

The language of the charge itself was not coercive and we hold that giving an *Allen* charge after inquiry into the numerical division, where there is no announcement of which way the vote is split, did not place undue pressure on the members to abandon their convictions.

3. Shawn Gann, who testified for the state, was a friend of the appellant and the victim. On cross-examination the defense attempted to elicit testimony concerning his knowledge of the victim's drug use. The court excluded any evidence of drug abuse except as it related directly to the day of the murder. We find no error. The appellant testified at length; he described his and the victim's use of drugs. In his statement to police he said the victim had been smoking marijuana the day of the shooting. During his trial testimony he made no mention of any drug use on the day of the shooting. In describing the events to the police and at trial, the appellant never claimed that the victim was acting in a strange manner due to drug use.

4. Appellant contends the court erred in excluding from evidence a letter written by him to the victim's parents after the incident. He argues it was admissible as a prior consistent statement. There is no testimony in the record identifying the document or authenticating it prior to its being offered in evidence. Since no foundation was laid below, the letter was properly excluded and there is no further issue presented on review.

*Judgment affirmed. Marshall, C. J., Smith, Gregory and Bell, JJ., concur. Weltner, J., disqualified.*

### DECIDED APRIL 9, 1986.

*Garland, Nuckolls & Catts, Steven H. Sadow, Donald F. Samuel,* for appellant.

*Lewis R. Slaton, District Attorney, Chris Jensen, H. Allen Moye, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.