## 75437. CUNNINGHAM v. THE STATE.
### (364 SE2d 898)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with rape and aggravated sodomy. The jury returned a verdict of guilty on each count. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the guilty verdicts.

1. The trial court's giving of an "*Allen* charge" after the jury had been deliberating for almost six hours is enumerated as error. "The decision of whether to give a jury in disagreement the *Allen* charge is generally left to the discretion of the trial judge, [cit.], and since the jury here specifically requested guidance as to what procedure to follow, the trial court did not abuse its discretion." *Curry v. State*, 175 Ga. App. 758, 759 (3) (334 SE2d 356) (1985). The charge that was given by the trial court was substantially that which was sanctioned by our Supreme Court in *Spaulding v. State*, 232 Ga. 411, 413 (4) (207 SE2d 43) (1974). "The charge given below instructed the jurors that their verdict 'must be the verdict of each juror and not a mere acquiescence of the jurors in order to reach agreement.' The language of the charge itself was not coercive and . . . did not place undue pressure on the members to abandon their convictions." *Black v. State*, 255 Ga. 668, 671 (2) (341 SE2d 436) (1986). Accordingly, this enumeration is without merit.

2. When the jury had still failed to reach a verdict after deliberating for more than seven hours, appellant moved for a mistrial. The denial of that motion is enumerated as error.

"The decisive factor [in the determination to grant or to deny a mistrial] is not the length of deliberation but the inability of the jury to agree on a verdict. [Cits.]" *Phillips v. State*, 238 Ga. 632, 634 (235 SE2d 12) (1977). Here, the jury never indicated that it was "helplessly" deadlocked or that any of its non-unanimous votes was "final." To the contrary, on each occasion that the jury in the present case

indicated that a unanimous decision had not yet been reached, it requested either additional instruction or additional time for deliberations. Under these circumstances, the trial court did not err in failing to declare a mistrial. See generally *Albert v. State*, 180 Ga. App. 779, 786 (8) (350 SE2d 490) (1986).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988.

*Alvin C. McDougald*, for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Sharon T. Ratley, Assistant District Attorneys*, for appellee.