76496. GOOCH v. THE STATE.
(372 SE2d 473)

POPE, Judge.

The defendant, James William Gooch was convicted of four violations of the Georgia Controlled Substances Act involving two counts of the sale of cocaine, one count of possession of marijuana with intent to distribute and one count of trafficking in cocaine.

The drug transactions of which defendant was convicted transpired during a GBI narcotics investigation and were made to an undercover agent while under electronic surveillance. Defendant testi-

fied in his own defense that while he had sold drugs for a number of years it had only been small amounts, not "full time" or any "big time deals," and that the reason he procured the large amount of drugs in this instance was because "they kept asking and I did it." He further stated on cross-examination that he sold drugs for the money and that the undercover agent was not the one who made him sell drugs "part time." The trial judge, after expressing doubt during a charge conference held outside the presence of the jury that any evidence of entrapment had been presented, nevertheless charged the jury on this principle as it was defendant's sole defense. The jury retired at 2:37 p.m. and at 3:42 requested a supplemental charge on entrapment, which was given. After deliberating until 6:30 p.m., the jury was recessed until 9:00 a.m. the next morning. When the jurors entered the courtroom at 8:40 a.m., the trial judge delivered an *Allen* "dynamite charge," and a verdict of guilty was reached at 9:43 a.m. *Held*:

Defendant appears to argue on appeal that the *Allen* charge was unduly coercive because the evidence showed that although he had made some mistakes of judgment in the past, he was a gainfully employed, productive member of society without "the sordid depraved intent usually associated with the criminal mind . . . absent strong influence from some other arena"; or put another way, that the jury was improperly deterred from considering his entrapment defense by an *Allen* charge which was prematurely given under these circumstances and failed to stress "the right of a juror not to acquiesce and vote against his honest convictions." We do not agree.

Defendant concedes the *Allen* charge given was taken from the judicial charge book of the Council of Superior Court Judges, and no objection was made at the time of the charge. The jury was instructed that "this verdict must be the conclusion of each juror, not a mere acquiescence of the jurors in order to reach an agreement, . . ." Such language is not coercive and does not place undue pressure on the members of the jury to abandon their convictions. *Black v. State*, 255 Ga. 668 (2) (341 SE2d 436) (1986); *Cunningham v. State*, 185 Ga. App. 527 (1) (364 SE2d 898) (1988). Moreover, as to defendant's contention that the *Allen* charge prevented the jury from adequately considering his defense of entrapment, we note the phrase "undue persuasion" as used in OCGA § 16-3-25, the entrapment statute, contemplates " 'something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs.' [Cits.]" *McQueen v. State*, 185 Ga. App. 485, 486 (364 SE2d 617) (1988). The issue was properly presented to the jury as defendant's sole defense, but the evidence of defendant's guilt was overwhelming and the verdict must be upheld. Cf. *Hattaway v. State*, 185 Ga. App. 607 (365 SE2d 480) (1988).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1988.

G. Scott Sampson, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Andrew Weathers, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.