A91A0765. NEWT v. THE STATE.
(407 SE2d 487)

BIRDSONG, Presiding Judge.

Kevin Newt appeals his conviction for the sale of cocaine by contending he was entitled to a directed verdict of acquittal on grounds of entrapment and on the question of venue. *Held:*

1. A directed verdict of acquittal is authorized in a criminal case only where there is no conflict in the evidence and the evidence introduced, with all reasonable deductions and inferences therefrom, shall *demand* a verdict of acquittal or finding of "not guilty." OCGA § 17-9-1 (a). "[A] defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646).

An undercover agent went with a confidential informant to appellant's mother's house in Dade County and asked if appellant could get some cocaine. Appellant took the agent and informant to another house in Dade County and, with $225 given to him by the agent, appellant went inside the house and emerged a few minutes later with one-eighth ounce of what proved to be cocaine. Appellant defended the charge by saying he was an alcoholic; that after first asking if appellant could produce some marijuana and being told appellant could not, the agent plied him with several beers and stayed at appellant's house until appellant finally agreed to find some cocaine; and that the incident would not have happened if appellant had not been imposed upon by the agent who enticed and befuddled him with alcohol.

This evidence by appellant *raised* the defense of entrapment but

did not *demand* a finding of entrapment. Id. Accordingly, appellant was not entitled under OCGA § 17-9-1 to a directed verdict of acquittal for entrapment.

2. The evidence showed appellant agreed to find the agent some cocaine while appellant was at his mother's house which was in Dade County, and further that he procured the cocaine at a house in Dade County. Under the standards stated above, appellant assuredly was not entitled to a directed verdict of acquittal. *State v. Royal*, supra.

3. The evidence is sufficient to enable a rational trier of fact to find appellant guilty of the offense of sale of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 1, 1991.

*Frank B. Perry & Associates, Frank B. Perry*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.