A92A0735. RICKS v. THE STATE.
(419 SE2d 517)

BEASLEY, Judge.

Appellant was convicted of possession of cocaine, OCGA § 16-13-30 (a), possession of marijuana with intent to distribute, OCGA § 16-13-30 (b), and possession of a firearm by a convicted felon, OCGA §

16-11-131 (b). His motion for new trial was denied.

An undercover drug task force officer and a confidential inform-
ant met with appellant, the target of a drug investigation, in an at-
tempt to effect an undercover purchase of marijuana. Appellant
agreed to sell them one pound of marijuana but stated that a 30-min-
ute drive from Soperton to Metter would be necessary to procure it.
The officer had been fitted with a body transmitter, enabling other
officers to monitor the conversation. Appellant left in his car and,
while returning from Metter, he was intercepted by sheriffs of
Treutlen and Laurens Counties. He was alone in his car and was ar-
rested when a grocery bag containing 13.8 ounces of marijuana was
found on the front floorboard. The officers then executed a search
warrant on his residence and confiscated a quantity of cocaine, mari-
juana and drug paraphernalia.

1. Appellant contends that the trial court erred in denying his
motion to dismiss the prosecution based on alleged insufficiencies in
the arrest warrants.

After a jury was sworn, appellant moved to dismiss the prosecu-
tion. Relying on *Garmon v. Lumpkin County*, 878 F2d 1406 (11th Cir.
1989), an action under 42 USCA § 1983 for damages for illegal arrest,
he claims that the warrants were improperly issued solely on the basis
of the supporting affidavits which provide merely that the accused
committed the stated offenses. He submits that, "[s]uch a conclusory
assertion clearly is insufficient to establish probable cause." *Garmon*,
supra at 1408 (1).

"Even assuming for purpose of decision (but without deciding
that issue) that the arrest warrants were invalid, a new trial is not
required. . . . [T]he sanction for an unconstitutional arrest is exclu-
sion of the evidence obtained as a result of that arrest [cits.]. . . .
[T]he sanction . . . is not suppression of the prosecution. [Cits.]. . . .
'[Appellant] cannot claim immunity from prosecution simply because
his appearance in court was precipitated by an unlawful arrest. An
illegal arrest, without more, has never been viewed as a bar to subse-
quent prosecution, nor as a defense to a valid conviction . . . [Appel-
lant] is not himself a suppressible "fruit," and the illegality of his
detention cannot deprive the Government of the opportunity to prove
his guilt through the introduction of evidence wholly untainted by the
police misconduct.' [Cit.]" *Lackey v. State*, 246 Ga. 331, 333 (2) (271
SE2d 478) (1980). As in *Lackey*, appellant has not sought to suppress
the physical evidence. The distinction is discussed in *State v. Brown*,
198 Ga. App. 239 (401 SE2d 295) (1990): an unlawful arrest properly
resulted in suppression of contraband but did not bar criminal prose-
cution.

To the extent that appellant challenges the constitutionality of
OCGA §§ 17-4-41 and 17-4-45, that issue was neither raised nor ruled

on below. It has not been preserved for review. *Grice v. State*, 199 Ga. App. 829 (1) (406 SE2d 262) (1991).

2. Appellant contends that the trial court erred in denying his motion to dismiss for failure to bring him to trial within the time limit set by Article III of the Interstate Agreement on Detainers Act, OCGA § 42-6-20 et seq.

OCGA § 42-6-20 (a) provides: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, . . . , provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by the certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."

Appellant was a federal probationer at the time of his arrest on the present charges. As a result, probation was revoked and he was remanded to the custody of federal prison authorities in Minnesota. Beginning in November of 1990, appellant unsuccessfully attempted to comply with the statutory procedure for requesting final disposition of the pending Georgia indictment. A proper request, in compliance with OCGA § 42-6-20 (a), was finally received by Georgia authorities on January 7, 1991. Appellant was delivered to Georgia on June 20; the time for trial under Article III would expire on July 7. On July 2, the State moved to extend the trial date, which was heard on July 3. At that hearing, appellant's counsel sought dismissal of the indictment for failure to bring him to trial within 180 days of his demand. The court granted the State's request and trial was held on August 26.

Article III "does not say that the untried indictment shall be dismissed if [a defendant] is not brought to trial within 180 days after he has served his request for final disposition upon the proper Georgia authorities." *Price v. State*, 237 Ga. 352 (1) (227 SE2d 368) (1976). "The Interstate Agreement does not contemplate that the 180 day provision is inflexible." *Duchac v. State*, 151 Ga. App. 374, 376 (259

SE2d 740) (1979). In *Duchac*, no continuances were sought and no circumstances were shown to justify tolling the 180 days, so dismissal of the indictment was authorized. In Ricks' case, the State demonstrated a good faith effort to timely comply with appellant's request for disposition of the Georgia indictment and sought a continuance on that basis prior to the expiration of the statutory time limit. The court did not abuse its discretion in granting a continuance and denying appellant's motion to dismiss the indictment.

3. The final inquiry is into the sufficiency of the evidence. Even assuming, as appellant submits, that the evidence against him was entirely circumstantial (the jury was instructed on circumstantial evidence), the facts as proved were sufficient to exclude every reasonable hypothesis save appellant's guilt and any rational trier of fact could have found him guilty beyond a reasonable doubt of the offenses for which he was convicted. OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Castillo v. State*, 166 Ga. App. 817, 821 (1) (305 SE2d 629) (1983).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 1992.

*Tyson Blue*, for appellant.
*Ralph M. Walke, District Attorney*, for appellee.