A93A0687. EVANS v. THE STATE.
A93A0853. CHANNELL v. THE STATE.
(433 SE2d 426)

COOPER, Judge.

Henry Evans and Nathan Rex Channell were tried before a jury and convicted of criminal attempt to possess marijuana with intent to distribute. Channell was also convicted of possession of a firearm during the commission of a felony and carrying a concealed weapon. They appeal from the judgments of conviction and sentence.

The record reveals that a confidential informant advised officers of the Paulding County Sheriff's Department that he knew someone desirous of buying marijuana. The informant was instructed by one of the officers to arrange a sale of marijuana to the interested individual. The informant called Evans, and a meeting was scheduled wherein Evans would buy two pounds of marijuana for $2,500. Evans came to the pre-arranged location with Channell, and the two were met by the confidential informant and two deputies. Evans was shown the marijuana and told that it weighed one and three quarters of a pound, not the two pounds originally planned. One of the officers stated that the price could be reduced to $2,250. Evans and Channell were asked if they had brought the money. Channell pulled a roll of what appeared to be $100 bills from his pocket. Evans smelled the marijuana and passed it to Channell. Channell also smelled the marijuana, and one of the officers then signalled to other deputies who were monitoring the transaction. Appellants were arrested and searched. At the time of his arrest, Channell had in his possession a pistol and cash in excess of $2,500.

1. Appellants enumerate as error the trial court's failure to grant their motion for directed verdict for the State's failure to disprove entrapment beyond a reasonable doubt.

"The entrapment defense consists of the following three distinct elements: '(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]' [Cit.]" *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350) (1992). "After a defendant presents a prima facie case of entrapment, the burden is on the state to disprove entrapment beyond a reasonable doubt. That determination generally rests with the jury; however, where there is no conflict in the evidence, and all the evidence prior to the entrapment that is

introduced, with all reasonable deductions and inferences, demands a verdict of acquittal, the trial judge must direct a verdict of acquittal. [Cit.]" *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991).

Appellants contend the evidence shows that the idea for the commission of the crime originated with the confidential informant and the Paulding County Sheriff's Department; that the crime was induced by the informant's undue persuasion; and that there was no evidence of pre-disposition. Evans testified that he only agreed to the purchase because he thought the informant was in financial trouble and he was "fed up and tired" of the informant's repeated calls.

The evidence shows that Evans and the informant had used marijuana together on numerous occasions in the past; that Evans obtained marijuana for his personal use from the informant; that Evans was aware of prior drug deals in which the informant participated; that over the course of their friendship the informant offered Evans the opportunity to join in various drug deals; that the informant did not know Channell; that Evans brought Channell into the deal; that Channell agreed to the deal to make extra money; and that Evans had called Channell in the past about participating in drug deals. In addition, the informant testified that Evans was buying marijuana in larger quantities than normal for personal use and that he had obtained marijuana from Evans.

It appears from the foregoing that there was evidence introduced to rebut the defense of entrapment. Although the question of witness credibility is for the jury, the evidence was sufficient to allow a rational trier of fact to find no undue persuasion and pre-disposition as to Evans and Channell. "The phrase 'undue persuasion' as used in [OCGA § 16-3-25] means something more than repeated requests on the part of an officer or agent for contraband goods. [Cit.]" *McDonald v. State*, 156 Ga. App. 143, 147 (4) (273 SE2d 881) (1980). The evidence demonstrates that Evans and Channell were willing purchasers, and even if the idea to sell the marijuana originated with the informant and the officers, " ' " '[t]here is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' (Cits.)" ' " *Mason v. State*, 194 Ga. App. 152, 153 (390 SE2d 246) (1990). It cannot be said that there were no conflicts in the evidence. Thus, the evidence did not demand a directed verdict of acquittal, and the trial court did not err in allowing the issue to be resolved by the jury. *Newt v. State*, 200 Ga. App. 262 (1) (407 SE2d 487) (1991).

2. Appellants also contend the trial court erred in refusing to charge the jury on wilful false swearing. On cross-examination, the informant was asked about his prior convictions. He admitted two prior convictions for possession of marijuana but denied having been convicted of distributing drugs. After the close of the evidence,

outside the presence of the jury, defense counsel submitted evidence of the informant's prior conviction of distribution of marijuana for impeachment purposes. However, the informant was not confronted with or asked to explain the discrepancy between the evidence of his prior conviction of distributing drugs and his trial testimony, nor is there evidence that a case of false swearing was made during the trial of the case since evidence of the conviction was admitted after the close of testimony. See *Gellis v. B. L. I. Constr. Co.*, 148 Ga. App. 527 (9) (251 SE2d 800) (1978). Moreover, considering the charge in its entirety and the fact that the court charged the jury on impeachment and the credibility of witnesses, any error in failing to give a charge based on OCGA § 24-9-85 (b) is harmless. *Greenhill v. State*, 199 Ga. App. 218, 222 (404 SE2d 577) (1991).

3. Appellants argue that the trial court erred in failing to grant their motion for directed verdict on the issue of a fatal variance between the allegata and the probata. Appellants contend that contrary to what is alleged in the indictment, there was no proof at trial that marijuana was present at the time of their arrest or that the price of the alleged contraband was negotiated. However, our review of the evidence, as indicated above in the first division, demonstrates that these contentions are without merit.

4. Finally, appellants contend the trial court erred in admitting a photograph which depicts the contents of Channell's pockets at the time of his arrest. Among the items shown in the photograph was a key fob with the letters "KKK." Appellants argue that the prejudicial effect of the photograph far outweighed its probative value. However, the photograph depicts the money and pistol seized from Channell. These items were material evidence of Channell's commission of the offenses of which he was convicted. " 'Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury. (Cit.)' [Cits.]" *Polke v. State*, 203 Ga. App. 306, 310 (4) (417 SE2d 22) (1992).

*Judgments affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 7, 1993.

*Jeffrey B. Talley & Associates, F. Andrew Lane, Jr.*, for appellant (case no. A93A0687).

*T. Peter O'Callaghan, Jr.*, for appellant (case no. A93A0853).

*George C. Turner, Jr.*, District Attorney, *Donald N. Wilson*, Assistant District Attorney, for appellee.