A08A0716. BRUSTER v. THE STATE.
(662 SE2d 265)

MILLER, Judge.

Following a bench trial, Sherman Gregory Bruster was convicted of one count of theft by deception (OCGA § 16-8-3). On appeal, pro se, he appears to contend (i) that the trial court erred in denying his motion to dismiss upon the claim that the warrant for his arrest was invalid for violation of OCGA § 17-4-41, (ii) that the underlying accusation is void for variance with the affidavit in support thereof, (iii) that such affidavit is invalid as unsworn and based upon a false statement, (iv) that he was prosecuted in violation of the prohibition against double jeopardy, (v) that his prosecution violated Uniform State Court Rule 6.2, (vi) that his care in custody violated OCGA § 16-5-100, and (vii) that the evidence at trial was insufficient to support his conviction. Discerning no error, we affirm.

> On appeal from a bench trial, we view the evidence . . . in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. The issue before us is whether the evidence was sufficient . . . to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Footnote omitted.) *Stadnisky v. State*, 285 Ga. App. 33, 34 (1) (645 SE2d 545) (2007). Under *Jackson*, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence nor do we determine the witness's credibility. Instead, we determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson*, supra, 443 U. S. at 307. A plain legal error standard

of review is applied to a trial court's ruling on a legal question. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Viewed in the light most favorable to the trial court's verdict, the evidence shows that Bruster entered a Conyers grocery store on May 22, 2004. Therein he selected a $79 slipcover, asked a greeter for a pink sticker to permit him to return the slipcover, and gave the slipcover to his accomplice who returned it to Customer Service and received a gift card as a refund. Bruster's accomplice testified that he and Bruster had driven to the grocery store together, that once in the store, Bruster gave him a shopping cart containing the slipcover bearing the return sticker, that Bruster took his accomplice's empty shopping cart, and that Bruster instructed him to return the slipcover. Bruster and his accomplice were arrested after the return had been made and the refund had been received.

1. Bruster claims that this Court must reverse, contending that the underlying arrest warrant was invalid as not supported by a sufficient affidavit, variously arguing (i) that the affidavit failed to comply with OCGA § 17-4-41 (b) (1) and (2) (requiring "[w]hen the offense charged is theft, [that] the affidavit . . . shall state . . . (1) [n]ame of the property alleged to have been stolen, with a description thereof, including its value; and (2) [n]ame of the owner of the property and the person from whose possession such property was taken"); (ii) that the affidavit was unsworn; and (iii) that the affidavit was based on a false statement.

> Pretermitting whether the arrest warrant[ was] valid, a new trial [is not] required because the sanction for an unconstitutional arrest is the exclusion of the evidence obtained as a result of that arrest. The sanction is not the suppression of the prosecution. *Lackey v. State*, 246 Ga. 331, 333 (2) (271 SE2d 478) (1980); *Ricks v. State*, 204 Ga. App. 441, 442 (1) (419 SE2d 517) (1992).

*Austin v. State*, 286 Ga. App. 149, 152-153 (2) (648 SE2d 414) (2007). Bruster has not identified any evidence obtained as a result of his arrest. Moreover, "[t]here is no requirement that a misdemeanor accusation[1] be based on an arrest warrant." *State v. Litz*, 210 Ga. App. 200 (435 SE2d 724) (1993).

Given the foregoing, the trial court did not err in denying Bruster's motion to dismiss for any infirmity in the arrest warrant.

2. Because there is no requirement that a misdemeanor accusa-

---

[1] Violations of OCGA § 16-8-3, under which Bruster was charged, "shall be punished as for a misdemeanor except: . . . [i]f the property which was the subject of the theft exceeded $500.00 in value. . . ." OCGA § 16-8-12 (a) (1).

tion be based on an affidavit (*Litz*, supra, 210 Ga. App. at 200), Bruster's claim that the accusation was invalid for factual variance with the affidavit is without merit.

3. Bruster's claim that he was prosecuted in violation of his right against double jeopardy was not raised and ruled upon below. This Court will not consider alleged errors, even those of constitutional dimension, unless they were raised and ruled upon in the trial court. *Frank v. State*, 257 Ga. App. 164, 167 (3) (570 SE2d 613) (2002).

4. Bruster alleges that the trial court violated Uniform State Court Rule 6.2. This complaint is without merit because such rule applies only to motions filed in civil cases. Uniform State Court Rule 6.2. Even were it otherwise, Bruster does not support such claim of error by citation of authority or reasoned argument. Consequently, we deem it abandoned. Court of Appeals Rule 25 (c) (2).

5. Bruster contends that the sheriff below mistreated him in violation of OCGA § 16-5-100 (cruelty to a person 65 years of age or older). The instant claim neither enumerates error in the trial court nor challenges the legality of Bruster's conviction. Neither do we find any ruling of record thereon. Bruster, therefore, presents nothing for this Court to review. See *Grant v. State*, 289 Ga. App. 230, 236 (5) (656 SE2d 873) (2008) ("Appellate courts are for the correction of errors of law made by the trial courts, and where the trial court has not ruled on an issue, there is no ruling to review for legal error.") (citation omitted).

6. Finally, Bruster contends that the evidence is insufficient to support his conviction. We disagree.

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor.

(Citation omitted.) *Head v. State*, 261 Ga. App. 185, 187 (1) (582 SE2d 164) (2003); see OCGA § 16-2-20 (a), (b) (3) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime . . . if he . . . [i]ntentionally aids or abets in the commission of the crime."); see also OCGA § 16-2-21 ("Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission

of the crime upon proof that the crime was committed and that he was a party thereto. . . .").

Here, Bruster assisted his accomplice in committing the theft at issue by driving him to the scene of the crime, getting the slipcover in the store, obtaining the sticker necessary to return the slipcover for a refund, and transferring the slipcover to his accomplice, directing him to present it for a refund. Bruster thus directly committed acts in furtherance of the crime as well as otherwise aiding in its commission.

Such evidence, therefore, was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. OCGA § 16-8-3; *Jackson*, supra, 443 U. S. at 307.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

Sherman G. Bruster, *pro se.*
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.