A09A1985. VALENTINE v. THE STATE.
(689 SE2d 76)

MILLER, Chief Judge.

A jury found Faith Valentine guilty as a party for aiding and abetting Charles Neal in the commission of two counts of child molestation (OCGA § 16-6-4 (a)) involving her daughter, V. V., and one count of aggravated child molestation (OCGA § 16-6-4 (c)) and two counts of child molestation against her son, J. V. Valentine appeals, contending that the trial court erred in denying her motion for directed verdict of acquittal on all counts. Finding that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Valentine aided and abetted Neal in the commission of the alleged crimes by encouraging and facilitating his criminal conduct, we affirm.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining

YALE LAW LIBRARY

the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Dasher v. State*, 281 Ga. App. 326, 328 (1) (636 SE2d 83) (2006).

So viewed, the evidence shows that between January 1, 1999 and February 4, 2000, Neal, his daughter, Jenny Motley ("Jenny") and her husband moved in with Valentine, her husband, Curtis, and their minor children, V. V., J. V. and C. J. V. Neal's daughter, Stacy Scott ("Scott"), and her baby also lived in the Valentine home for a short period of time. When Curtis left the home, Neal slept with Valentine in her bedroom and Valentine made V. V. sleep in her bedroom with Neal despite V. V.'s desire to sleep in her own room. On the occasions when Curtis returned home, he slept with Valentine in her bedroom with V. V. while Neal slept with J. V. in his sister's bed.

V. V. testified that when she was nine years old, Neal put his finger in her vagina when she was alone with him in her mother's bedroom and her mother was on the phone. Thereafter, Neal repeatedly touched her vagina when she was with him in her mother's bedroom, and usually when she was alone with him. In a subsequent incident, Neal opened his pants and forced V. V. to touch his penis, showing her how to grab it with her fist.

J. V. testified that when he slept with Neal, Neal put his penis in J. V.'s anus on four different nights. On more than one occasion, Neal also made J. V. stroke Neal's penis like he was "petting a cat or a dog." J. V. told his mother about the incidents, but she took no action. In other testimony, Scott indicated that on the evening of February 4, 2000, she and her boyfriend, William Coates, stopped by the Valentine home to pick up some clothes. V. V., who appeared to have been crying, came out of her mother's bedroom and hugged Scott. As V. V. proceeded to her bedroom, her mother "stopped her" and "turned her around where she needed to go" in the direction of Valentine's bedroom, and told V. V. to "go back and go to bed." Shortly thereafter, as Valentine stood in the dining room with Scott, Scott heard V. V. crying and saying, "please stop" and that she just wanted to "go to sleep." Neal stormed out of the bedroom at a fast pace, cursing, as he walked to the back of the house. V. V. then came out of the bedroom where Scott and her mother were and Valentine told her daughter, "see you little bitch what have you done now, you're going to make him leave." Scott and her boyfriend subse-

quently left and reported the incident to the Catoosa County Sheriff's Department.

Valentine contends that the trial court erred in denying her motion for directed verdict of acquittal on all counts of the indictment because the evidence was insufficient to support her convictions as a party. We strongly disagree.

"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). "A person is concerned in the commission of a crime only if [she] . . . [i]ntentionally aids or abets in the commission of the crime; or [i]ntentionally advises[ or] encourages . . . another to commit the crime." OCGA § 16-2-20 (b) (3), (4). For one to be a party to a crime, "a common criminal intent must be proven. . . ." (Citations and punctuation omitted.) *Hixon v. State*, 251 Ga. App. 27, 28 (1) (553 SE2d 333) (2001). And evidence of such criminal intent may be inferred from a defendant's "conduct before, during, and after the commission of the crime." *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55) (1992). For example, "[i]f the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor." (Citations omitted.) *Bruster v. State*, 291 Ga. App. 490, 492 (6) (662 SE2d 265) (2008).

Here, the State presented evidence that Valentine aided and abetted Neal in the commission of the sexual offenses against her children. Even though V. V. and J. V. had their own bedroom, the fact that Valentine required her daughter to sleep with her and Neal in her bedroom and her son to sleep with Neal when her husband returned home, was a circumstance from which the jury could infer that she shared in Neal's criminal intent. *Sands*, supra, 262 Ga. at 368 (2) (a defendant's conduct before the offense is a circumstance from which criminal intent may be inferred). By doing so, Valentine facilitated Neal's acts of child molestation and aggravated child molestation against her children. Further, although J. V. told his mother that Neal had put his penis in his anus after the third of four incidents, Valentine did nothing to protect her son or to isolate him from Neal. As a result, her actions amounted to acquiescence in Neal's continuing criminal acts against her son. See *Wyatt v. State*, 243 Ga. App. 882, 883 (4) (534 SE2d 431) (2000) (if defendant was at scene of crime and did not "disapprove or oppose the commission of the offense," the jury could consider such conduct in connection with prior knowledge and conclude that he "assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime") (citation omitted).

There also was evidence that Valentine reprimanded V. V. for pleading with Neal to "stop" after Neal stormed out of the bedroom

which Valentine had directed V. V. to enter. This constitutes additional evidence from which the jury could have inferred that Valentine shared in Neal's criminal intent to commit the acts of child molestation against V. V. *Bruster*, supra, 291 Ga. App. at 492 (6). The jury was also authorized to conclude that Valentine knowingly encouraged her daughter to engage in sexual acts with Neal by requiring her to sleep in Valentine's bedroom nightly. Id.; *Sands*, supra, 262 Ga. at 368 (2).

Inasmuch as the evidence was sufficient for any rational trier of fact to find Valentine guilty beyond a reasonable doubt of aiding and abetting Neal in the commission of the crimes alleged in the indictment, the trial court properly denied Valentine's motion for a directed verdict. *Dasher*, supra, 281 Ga. App. at 328 (1); *Coley v. State*, 272 Ga. App. 446, 450 (5) (612 SE2d 608) (2005) ("[a] motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law"); OCGA § 17-9-1 (a).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

## DECIDED DECEMBER 15, 2009.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Jennifer A. Morris, Assistant District Attorney*, for appellee.